UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ROBERT STROUGO, *individually and on behalf* :
*of all others similarly situated*,                             :
                                       Plaintiff,    :
                                               :
                  -against-                       :
                                               :

BEAZER HOMES USA, INC., ALLAN P.               :
MERRILL, ROBERT L. SALOMON,                     :
                                               :
                                   Defendants.    :

-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   08/20/2019

19-CV-5301 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS on August 5, 2019, motions for appointment as lead plaintiff and approval of lead-counsel selection were filed by Jan Thompson, Albert Khoshbin, and R.L. Merg Hoffman (collectively the "Movants" and each a "Movant");

    WHEREAS pursuant to 15 U.S.C. § 78u-4(a)(3)(B) the Court is required to determine the "most adequate plaintiff" in this action by reference to which of the Movants "has the largest financial interest in the relief sought by the class," *id.* at § 78u-4(a)(3)(B)(iii)(I)(bb), and "otherwise satisfies the requirements of Rule 23," *id.* at § 78u-4(a)(3)(B)(iii)(I)(cc);

    WHEREAS the presumption that a Movant is the most adequate plaintiff may be rebutted by evidence that the Movant "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of representing the class," *id.* at § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb);

    WHEREAS the Court ordered all interested parties to file any opposition to any pending motion for the appointment of lead plaintiff by August 16, 2019;

    WHEREAS R.L. Merg Hoffman's motion for appointment as lead plaintiff has been voluntarily withdrawn, Dkt. 25;

WHEREAS the remaining Movants, Jan Thompson and Albert Khoshbin, have filed a proposed stipulation and order appointing each as co-lead plaintiff and approving each of their counsel as co-lead counsel, Dkt. 26;

WHEREAS "[t]he prevailing position [in this district] is that unrelated investors may join together . . . only if such a grouping would best serve the class," *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 532 (S.D.N.Y. 2015) (internal quotation marks and citations omitted);

WHEREAS the Court, "to assess whether the unrelated members of a group will be able to function cohesively and effectively manage the litigation apart from their lawyers," looks to "(1) the existence of a pre-litigation relationship between group members; (2) involvement of the group members in the litigation thus far; (3) plans for cooperation; (4) the sophistication of its members; and (5) whether the members chose outside counsel, and not vice versa," *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008);

WHEREAS Movants Thompson and Khoshbin do not appear to have a pre-litigation relationship, have only recently appeared in this litigation, and, unlike a pension fund or similar entity, lack relative sophistication in managing PSLRA litigation; and

WHEREAS Khoshbin (alleged loss of $22,015.69) has a larger financial interest in the relief sought by the class than Thompson (alleged loss of $1,380.72);

IT IS HEREBY ORDERED THAT Khoshbin and Thompson must explain, no later than **August 23, 2019**, whether they continue to seek appointment as co-lead plaintiffs and, if so, why their proposed grouping best serves the interests of the class in this case.

**SO ORDERED.**

Date:  **August 20, 2019**                                          **VALERIE CAPRONI**
       **New York, New York**                                **United States District Judge**

2