## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT STROUGO, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BEAZER HOMES USA, INC., ALLAN P. MERRILL, and ROBERT L. SALOMON, <br><br> Defendants. | Case No.: 1:19-CV-05301-VEC <br><br> Hon. Valerie E. Caproni |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF JAN THOMPSON AND ALBERT KHOSHBIN'S STIPULATION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF CO-LEAD COUNSEL**

Lead Plaintiff Movants Jan Thompson and Albert Khoshbin (together, "Movants") respectfully submit this supplemental memorandum of law, and the accompanying Joint Declaration of Jan Thompson and Albert Khoshbin (attached hereto as Exhibit A, "Joint Declaration" or "Joint Decl.") in response to the Court's Order dated August 20, 2019 (Dkt. No. 28). Movants both lost sums material to them in their Beazer Homes USA, Inc. investments, and Movants have demonstrated the interest and commitment necessary to jointly serve as co-lead plaintiffs. Accordingly, Movants contend that they should be appointed jointly as co-lead plaintiffs under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and that their selection of counsel should be approved.

The PSLRA permits a "group of persons" to serve as lead plaintiff and provides a presumption that the person or "group of persons" that (1) made a motion, (2) have "the largest financial interest in the relief sought by the class," and (3) otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") should be appointed as lead plaintiff(s). 15 U.S.C. § 78u-4(a)(3)(B)(iii). Here, Movants made motions, have the largest collective financial interest (because they are the only two remaining movants), and satisfy the requirements of Rule 23—including the adequacy requirement. As such, Movants should be appointed as co-lead plaintiffs.

The appointment of two lead plaintiffs rather than one has practical litigation utility. For example, if there were only one lead plaintiff, Defendants would be encouraged to launch attacks on that lead plaintiff, however spurious, in the hopes of sidelining the sole lead plaintiff, and thereby the entire action. These concerns are material particularly in light of a recent Supreme Court decision that may make it impossible to revive absent class members' claims when a sole lead plaintiff or class representative is removed after such claims become time-barred. *See*,

*China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018) ("Upon denial of class certification, may a putative class member . . . commence a class action anew beyond the time allowed by the applicable statute of limitations? Our answer is no."). In *China Agritech*, the Supreme Court also observed that at the lead plaintiff stage, "District courts often permit aggregation of plaintiffs into plaintiff groups." *Id.* at 1807, n.3.

While some courts in this District have rejected proposed lead plaintiff groups consisting of previously unrelated investors, based on adequacy concerns, courts have found such groups adequate if "the proposed group will be able to function cohesively and to effectively manage the litigation apart from its lawyers." *Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840-RJS, 2017 WL 281742, at *4 (S.D.N.Y. Jan. 19, 2017) (internal quotation marks and brackets omitted).[1] In making this determination, courts focus on five factors: (1) the existence of a pre-litigation relationship between group members, (2) involvement of the group members in the litigation thus far, (3) plans for cooperation, (4) the sophistication of its members, and (5) whether the members chose outside counsel, and not vice versa. *Id.*

In evaluating these factors, however, it is important to note that "courts appear to generally agree that a group comprising five or fewer members is appropriate." *Peters v. Jinkosolar Holding Co.*, No. 11-cv-7133-JPO, 2012 WL 946875, at *7 (S.D.N.Y. Mar. 19, 2012). In fact, groups "with only five members" are "presumptively cohesive," even when the members "have no pre-litigation relationship." *Simmons v. Spencer,* No. 13-cv-8216-RWS, 2014

---

[1] At least one court has also found that a group would provide a benefit to the class that a single lead plaintiff would not. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998) ("The use of multiple lead plaintiffs will best serve the interests of the proposed class in this case because such a structure will allow for pooling, not only of the knowledge and experience, but also of the resources of the plaintiffs' counsel in order to support what could prove to be a costly and time-consuming litigation.").

WL 1678987, at *5 (S.D.N.Y. Apr. 25, 2014).[2] Here, Movants are presumptively cohesive because they are a group of only two.

Moreover, the Joint Declaration, submitted herewith, demonstrates Movants cohesion and adequacy. In particular, Movants state that they "plan to communicate with each other and counsel" and have discussed "the strength of the claims against Defendants; a strategy for prosecuting the action; the benefits that the class would receive from our leadership; the shared desire of both of us to achieve the best possible result for the class; the group's interest in prosecuting the case in a collaborative, likeminded manner; and the actions that we will take to continue to ensure that the class's claims will be zealously and efficiently litigated." Joint Decl. ¶ 6. Movants also state that they "will consult with each other and our counsel as we deem necessary to fulfill our fiduciary obligations to the Class" and that "[w]e also understand and appreciate a Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to monitor the action of counsel to ensure the action is prosecuted efficiently." Joint Decl. ¶¶ 7-8. Movants will also "continue to supervise counsel and actively oversee the prosecution of the action for the benefit of the class by, among other things, reviewing pleadings, instructing counsel, and/or attending hearings, as necessary." Joint Decl. ¶ 8.

Courts have repeatedly held that joint declarations of this kind demonstrate group cohesion and adequacy. *See, e.g.*, *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 347 (E.D.N.Y.

---

[2] Some courts in this District have allowed even larger groups to serve as lead plaintiff. *See In re Crayfish Co. Sec. Litig.*, No. 00-cv-6766, 2002 WL 1268013, at *5-*6 (S.D.N.Y. June 6, 2002) ("[T]his Court finds that a group of seven individuals does not 'present a group so cumbersome as to deliver the control of the litigation into the hands of the lawyers.'"); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (appointing group of seven as lead plaintiffs); *Barnet v. Elan Corp.*, 236 F.R.D. 158, 161 (S.D.N.Y. 2005) (appointing a group "composed of six seemingly unrelated parties"); *In re UBS Auction Rate Sec. Litig.*, No. 08-cv-2967-LMM, 2008 WL 2796592, at *2, *5 (S.D.N.Y. July 16, 2008) (appointing a group composed of seven parties as lead plaintiff).

2018); *Cullinan v. Cemtrex, Inc.*, 287 F. Supp. 3d 277, 286-87 (E.D.N.Y. 2018); *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-cv-4846, 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840-RJS, 2017 WL 281742, at *5 (S.D.N.Y. Jan. 19, 2017); *In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 424 (E.D.N.Y. 2018); *Mahapatra v. Fuqi International, Inc*, No. 10-cv-2515-DAB, 2010 WL 11575585, at *5 (S.D.N.Y. July 26, 2010); *Marsch v. Rui Feng*, No. 12-cv-9456-JSR, 2013 WL 3204193, at *2 (S.D.N.Y. June 13, 2013).[3]

Accordingly, Movants respectfully request that the Court enter an order (1) appointing Movants as co-lead plaintiffs; (2) approving Movants' selection of The Rosen Law Firm, P.A. Glancy Prongay & Murray LLP as co-lead counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

DATED: August 23, 2019                        **GLANCY PRONGAY & MURRAY LLP**

By: /s/ *Lesley F. Portnoy*
Lesley F. Portnoy (LP-1941)
230 Park Ave., Suite 530
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
Email: lportnoy@glancylaw.com

-and-

---

[3] The fact that the Joint Declaration was submitted after Movants filed their lead plaintiff motions is of no consequence. *See Blue Apron*, 2017 WL 6403513, at *3 ("[T]he PSLRA does not require that any such evidence be submitted with the initial motion."); *Cemtrex*, 287 F. Supp. 3d at 286 (appointing a group of five unrelated investors that "submitted a joint declaration along with their opposition").

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Ex Kano S. Sams II
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

*Counsel for Albert Khoshbin, and
[Proposed] Co-Lead Counsel for Co-Lead
Plaintiffs and the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Jan Thompson, and [Proposed]
Co-Lead Counsel for Co-Lead Plaintiffs and
the Class*

**THE SCHALL LAW FIRM**
Brian Schall
Sherin Mahdavian
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: (424) 303-1964

*Additional Counsel*

5

## PROOF OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On August 23, 2019, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 23, 2019, at Los Angeles, California.

*s/ Lesley F. Portnoy*
Lesley F. Portnoy