# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT STROUGO, Individually and On Behalf of All Others Similarly Situated, <br><br>    Plaintiff, <br><br>      v. <br><br> BEAZER HOMES USA, INC., ALLAN P. MERRILL, and ROBERT L. SALOMON, | Case No.: 1:19-CV-05301-VEC <br><br> Hon. Valerie E. Caproni |

### JOINT DECLARATION OF JAN THOMPSON AND ALBERT KHOSHBIN

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    We, Jan Thompson and Albert Khoshbin, respectfully submit this Joint Declaration in support of our stipulation (Dkt. No. 26-1, the "Stipulation") for appointment as Co-Lead Plaintiffs and approval of our selection of The Rosen Law Firm, P.A. ("Rosen Law") and Glancy Prongay & Murray LLP ("GPM") as Co-Lead Counsel in the instant class action on behalf of investors in the securities of Beazer Homes USA, Inc. ("Beazer" or the "Company") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). We are informed of and understand the requirements and duties imposed by the PSLRA. We each have personal knowledge about the information regarding ourselves and our actions in this Joint Declaration.

2.    I, Jan Thompson, formerly worked on bank conversions in the financial industry. I have been investing for approximately 20 years.

3.    I, Albert Khoshbin, own and operate a label manufacturing company. I have been investing for more than 15 years.

4.    We believe, by virtue of our collective experience, resources, and abilities, that serving as Co-Lead Plaintiffs will materially benefit and advance the interests of the class in this case. We believe that the securities class action against Beazer is meritorious and should be led by investors that are committed to maximizing the recovery on behalf of the class. Moreover, we recognize that we are like-minded investors who suffered substantial losses in our investments in Beazer securities. It is for these reasons that we decided to seek joint appointment as Co-Lead Plaintiffs in the action.

5.    Prior to submitting the Stipulation: (a) we agreed to request appointment as a Co-Lead Plaintiffs; (b) we were aware of the responsibilities and duties of being a Lead Plaintiff;

JOINT DECLARATION
1

and (c) we communicated with counsel about our lead plaintiff motions, the strength of the case, and the next steps in the litigation.

6. In furtherance of our responsibilities as Co-Lead Plaintiffs, we shared our contact information with each other and proposed Co-Lead Counsel for communications relating to the case, and we plan to communicate with each other and counsel as necessary. To this end, in addition to communications with counsel about this action, a conference call was held to discuss, among other things: the strength of the claims against Defendants; a strategy for prosecuting the action; the benefits that the class would receive from our leadership; the shared desire of both of us to achieve the best possible result for the class; the group's interest in prosecuting the case in a collaborative, likeminded manner; and the actions that we will take to continue to ensure that the class's claims will be zealously and efficiently litigated.

7. Moreover, we discussed the importance of joint decision-making and maintaining regular communication that will enable us to confer, with or without counsel, via telephone and/or e-mail on short notice to ensure that we are able to make timely decisions. We do not anticipate that any disagreements between us will arise and agree to make all efforts, in good faith, to reach consensus with respect to litigation decisions, and to that end will consult with each other and our counsel as we deem necessary to fulfill our fiduciary obligations to the Class. We recognize that in the event of a disagreement, the ultimate decision will necessarily be informed by consulting one another and our counsel.

8. We also understand and appreciate a Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to monitor the action of counsel to ensure the action is prosecuted efficiently. We have fulfilled this responsibility by selecting and retaining Lead Counsel with a proven history of handling this type of complex litigation. In this case, we selected Rosen Law

and GPM to serve as Co-Lead Counsel. Based on the firms' experience in achieving substantial

recoveries in securities class actions, we agree that the Rosen law and GPM are well-qualified to

represent the class. Moreover, Rosen Law and GPM have been directed to prosecute this action

in an efficient, cost-effective manner while obtaining the best possible result for the class. We

will continue to supervise counsel and actively oversee the prosecution of the action for the

benefit of the class by, among other things, reviewing pleadings, instructing counsel, and/or

attending hearings, as necessary.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on this ___ day of August 2019.   8/22/2019

DocuSigned by:

*Ian Thompson*

94465CC823F545F...

Ian Thompson

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on this ___ day of August 2019.

Albert Khoshbin

JOINT DECLARATION

3

GPM to serve as Co-Lead Counsel. Based on the firms' experience in achieving substantial recoveries in securities class actions, we agree that the Rosen law and GPM are well-qualified to represent the class. Moreover, Rosen Law and GPM have been directed to prosecute this action in an efficient, cost-effective manner while obtaining the best possible result for the class. We will continue to supervise counsel and actively oversee the prosecution of the action for the benefit of the class by, among other things, reviewing pleadings, instructing counsel, and/or attending hearings, as necessary.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on this ___ day of August 2019.


Jan Thompson


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to myself are true and correct to the best of my knowledge.

Executed on this 23rd day of August 2019.

DocuSigned by:

*albert khoshbin*

0F61E78984FC472...

Albert Khoshbin

JOINT DECLARATION

3